**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., an Arizona non-profit corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>Houghton Lake Lodging Investments Limited Partnership, a Michigan limited partnership; and Bruce A. Smith, an individual,<br><br>    Defendants. | No. CV-09-01411-PHX-FJM<br><br>**DEFAULT JUDGMENT** |

The court has before it plaintiff Best Western International, Inc.'s motion for default judgment against defendants Houghton Lake Lodging Investments Limited Partnership and Bruce Smith (doc. 14).

Pursuant to Rule 55(b)(2), Fed. R. Civ. P., we find the following:

A. The defendants were served on September 15, 2009;

B. Defendants failed to answer or make an appearance;

C. Default was entered on October 16, 2009;

D. The factual allegations in plaintiff's complaint are taken as true; and

E. Plaintiff's affidavits support the damages claimed.

**IT IS THEREFORE ORDERED GRANTING** plaintiff's motion for default judgment (doc. 14). Plaintiff is granted judgment against defendants Houghton Lake Lodging Investments Limited Partnership and Bruce A. Smith as follows:

A. On Counts I and II of the complaint, in the amount of $21,286.05, plus interest thereon at the rate of 1.5% per month from and after October 1, 2009;

B. On Count III of the complaint, in the amount of $152,847.00;

C. Defendants and their agents, servants, employees and attorneys and those persons in active concert or participation with defendants are permanently enjoined from:

    i) making any use of the Best Western Marks, any colorable imitation thereof, or any other confusingly similar marks;

    ii) displaying, authorizing, licensing or assisting or facilitating any other person's or entity's use of display of the Best Western Marks or any colorable imitation thereof;

    iii) using anything consisting of or incorporating any one or more words, letters, designs or devices that contain any component of the Best Western Marks, or which singly or together are similar in spelling, sound, appearance, or in any other manner to the Best Western Marks;

iv) Defendants are directed to immediately and permanently remove all Best Western Marks as used on the premises of, or in reference to, the hotel including, but not limited to, any road signs, wall signs, or any other display or item bearing any of the Best Western Marks;

v) Defendants and any other persons and entities acting on behalf of or in concert with defendants, are directed to immediately notify all advertisers, search engines, and providers of related services that defendants' hotel is not affiliated with Best Western and defendants are required to cause the cessation of all advertising and distribution of promotional material containing any of the Best Western Marks, any colorable imitation thereof, or any other confusingly similar marks, and defendants are enjoined from using any such marks (or any imitations or marks confusingly similar thereto) anywhere on the internet or elsewhere, including, but not limited to, any use on or with any websites, domain names, metatags, key words, banner ads, or search engines; and

D. Plaintiff is awarded its reasonable attorneys' fees and expenses incurred herein in the amount of $3,832.79.

**IT IS FURTHER ORDERED DENYING** plaintiff's motion for preliminary injunction as moot (doc. 6).

Dated this 4th day of November, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge